## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LATAYA STEWART,
          Appellant,

          v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
CH-315H-15-0338-I-1

DATE: February 25, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

LaTaya Stewart, Cleveland, Ohio, pro se.

Jill B. Lubetsky, Esquire, and Pamela D. Langston-Cox, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency appointed the appellant to a GS-05 career-conditional contract representative position with the agency's Internal Revenue Service effective December 29, 2014. Initial Appeal File (IAF), Tab 4 at 7. The appointment was subject to a 1-year probationary period. *Id.* On March 16, 2015, the agency issued the appellant notice of its decision to terminate her employment during her probationary period, effective that day. *Id.* at 9.

¶3 The appellant appealed her termination, arguing that the agency's given reason for her termination was not valid and that the agency instead terminated her because of another incident for which "they didn't have a leg to stand on." IAF, Tab 1 at 5. The administrative judge issued an acknowledgment order as well as a separate jurisdictional order in which she explicitly set forth the elements and burdens that the appellant must meet to entitle her to a hearing in this appeal and ordered her "to file evidence or argument to establish why this appeal should not be dismissed for lack of a non-frivolous allegation of jurisdiction." IAF, Tabs 2-3. The agency first moved to suspend the case deadlines pending the administrative judge's ruling on the jurisdictional question. IAF, Tab 5. The administrative judge granted the agency's motion to suspend the

case deadlines. IAF, Tab 6. The agency then moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 7. The appellant did not respond.

¶4      On the written record, the administrative judge determined that because the appellant alleged that the agency terminated her for post-appointment reasons, but she did not allege that the agency discriminated against her based on partisan political reasons or on account of her marital status, the appellant failed to make a nonfrivolous allegation that the Board has jurisdiction over her appeal and dismissed it on that basis. IAF, Tab 8, Initial Decision (ID) at 3. In her timely filed petition for review, the appellant argues the merits of her termination appeal, but she again fails to address the jurisdictional issue. Petition for Review (PFR) File, Tab 1 at 4.

¶5      Because the appellant was terminated from a competitive service position, IAF, Tab 5 at 7, she must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A) to have Board appeal rights under 5 U.S.C. chapter 75. *Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010). To qualify as an "employee," the appellant must show that she is not serving a probationary period or has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002). The record reflects that the appellant served less than 3 months of her 1-year probationary period, IAF, Tab 5 at 7-13, and it does not show, nor has the appellant alleged, that she had any prior Federal service. Thus, the appellant does not meet the definition of "employee" at 5 U.S.C. § 7511(a)(1)(A), and she does not have the right to appeal her termination to the Board under 5 U.S.C. §§ 7513(d) and 7701.

¶6      A probationary employee in the competitive service who, like the appellant, was terminated for post-appointment reasons, can bring an appeal of her termination to the Board, but only if she makes nonfrivolous allegations that the agency discriminated against her because of marital status or partisan political

affiliation.  *Henderson*, 114 M.S.P.R. 149, ¶ 9; *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 8 (2007).  The appellant did not claim in her appeal, and does not claim in her petition for review, that the termination was based on marital status or partisan political discrimination.  The administrative judge issued two orders that informed the appellant that she must make such an allegation in order to establish the Board's jurisdiction over the appeal, IAF, Tabs 2-3, but the appellant did not respond to either of the orders.

¶7        The appellant filed nothing but her initial appeal below, and she does not address her failure to file any evidence or argument on the jurisdictional issue before the record closed below.  Instead, the appellant simply reiterates her arguments on the merits of her termination.  PFR File, Tab 1 at 4.  Because the appellant's arguments do not address the issue of Board jurisdiction, they provide no basis to disturb the initial decision.  *See Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 7 (2010) (finding that, in an appeal of a termination during a probationary period, the merits of the agency's decision are not before the Board).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____

William D. Spencer
Clerk of the Board

Washington, D.C.